UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| AMOS LEE WHITE, | ) | Case No. CV 15-9656 DOC(JC) |
|---|---|---|
| Petitioner, | ) | ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| D. PARAMO, Warden, | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") and accompanying documents, the submissions in connection with the Motion to Dismiss the Petition, and all of the records herein, including the February 2, 2017 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections to the Report and Recommendation ("Objections").  The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made.  The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.

Petitioner's Objections do not address the primary recommendation of the Report and Recommendation – that the Petition should be dismissed without prejudice for lack of jurisdiction because it is "second or successive," and petitioner has not obtained the requisite authorization from the Court of Appeals to file it.  Instead, petitioner's Objections focus entirely on the alternative recommendation that his claims be dismissed with prejudice as untimely to the extent the Court has jurisdiction over them.  Although the Court overrules the Objections in their entirety, it further addresses below certain of petitioner's contentions regarding the statute of limitations analysis in the Report and Recommendation.

Petitioner's Objections, construed liberally, can be read to assert that petitioner is entitled to delayed accrual of the statute of limitations or equitable tolling of the statute because petitioner was without his state court transcripts until September 2010.  See Objections at 2-5.  However, even assuming that petitioner is entitled to delayed accrual or tolling of the statute of limitations until September 30, 2010, the Petition is still untimely.  Petitioner did not constructively file his First State Petition (which could have triggered statutory tolling) until September 7, 2012 – almost one year after the statute of limitations would have run on September 30, 2011 –  and did not constructively file the instant Petition until December 9, 2015.

Construed liberally, the Objections also can be read to challenge the Magistrate Judge's finding that petitioner did not meet the requirement for a gateway actual innocence claim under Schlup v. Delo, 513 U.S. 298 (1995). Petitioner argues that the Magistrate Judge misstated the trial evidence in considering the reliability of  petitioner's proffered evidence of innocence.  He alleges that the victim B.H.'s older sister Washanda (petitioner's daughter) did not testify that petitioner came into the bedroom where B.H. was on August 6, 2000 and that Washanda instead testified she was not in the same house that night with

David Johnson and B.H.  See Objections at 5-9 (referencing the Report and Recommendation at 17-18 (finding petitioner's evidence of purported innocence not sufficiently reliable for consideration of his actual innocence claim in light of conflicting trial testimony from B.H. and her sister)).

While petitioner is correct that Washanda testified at trial that she was not present on August 6, 2000, and denied walking in on petitioner and B.H. or telling the police what happened (see Reporter's Transcript lodged in the 2010 Case ("RT") 20-22), her prior inconsistent statements to the police on the night in issue were introduced at trial and corroborated the testimony of the victim, B.H. (see RT 34-41 (B.H.'s testimony); RT 302-09 (detective's testimony)).

More specifically, B.H. testified that the following occurred on August 6, 2000:  B.H. woke up to petitioner "feeling on" her and she said "get off of me," but petitioner did not get off of her – he grabbed her by her wrists and held her arms over her head and "kissed" her lower body.  (RT 36-38).  B.H. said, "stop, stop, get off me," and Washanda walked in and told petitioner, "get off, stop, get off of her."  (RT 38-41).  Petitioner then ran away.  (RT 40).  The police then came to the house where B.H. was staying.  (RT 34-35).

Based upon his contemporaneously prepared police report, a police detective testified that on that same night, Washanda told him the following:  Washanda called the police because she walked in on petitioner in a bedroom with B.H.  (RT 305-09).  Petitioner had told B.H. to go to the bedroom and when petitioner went to the bedroom too it seemed odd to Washanda, so Washanda went outside and looked in a window to the bedroom where she saw a blanket moving around and heard B.H. saying, "no, no, no."  (RT 307).  Washanda came back inside the house and went in the bedroom where she saw petitioner and B.H. lying on a mattress under a blanket.  (RT 307-08).  A cousin, Devon, was on one side of the mattress. (RT 308).  Washanda pulled the blanket off petitioner and B.H. and
///

3

1 saw that B.H.'s pants were down at her knees and petitioner was shirtless and on
2 his stomach. (RT 308-09).

3     Considering the evidence adduced at trial, including Washanda's denial
4 about what she reported happened to B.H. on August 6, 2000, the Court finds that
5 petitioner's evidence of his purported innocence is not so convincing or reliable for
6 the Court to conclude that no juror, acting reasonably, would have found petitioner
7 guilty beyond a reasonable doubt. Johnson v. Knowles, 541 F.3d 933, 937 (9th
8 Cir. 2008), cert. denied, 445 U.S. 1211 (2009).

9     IT IS THEREFORE ORDERED: (1) the Motion to Dismiss the Petition is
10 granted; (2) the Petition is dismissed without prejudice for lack of jurisdiction
11 because it is second or successive and petitioner has not obtained the requisite
12 authorization from the Court of Appeals to file it; (3) the Clerk shall refer the
13 Petition to the United States Court of Appeals for the Ninth Circuit pursuant to
14 Ninth Circuit Rule 22-3(a); and (4) alternatively, in the event this Court is deemed
15 to have jurisdiction over any of the claims in the Petition, such claims are
16 dismissed with prejudice because they are time-barred.

17     IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the
18 Report and Recommendation, and the Judgment herein on petitioner and counsel
19 for respondent.

20     LET JUDGMENT BE ENTERED ACCORDINGLY.

22     DATED: ___March 14, 2017___

24     */s/ David O. Carter*
25     HONORABLE DAVID O CARTER
      UNITED STATES DISTRICT JUDGE